IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL GARNER HAVENS, | § | |
| CID # 887004, | § | |
|     PETITIONER, | § | |
| | § | |
| v. | § | NO. 3:03-CV-939-N |
| | § | |
| DOUGLAS DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
|     RESPONDENT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

**A. Nature of the Case:** This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. Parties:** Petitioner Paul Garner Havens is an inmate currently incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division. Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. Factual and Procedural History:** A jury found Havens guilty of aggravated sexual assault of a child under fourteen and assessed his punishment at confinement for 99 years. (C.R. 114.) On appeal, the Fifth Court of Appeals recited the following as the facts of the offense:

> [Havens] lived two doors down from [five-year-old B.S.], who lived with her grandmother, N.S., and her seventeen-year-old aunt, K.S. In the early evening of November 24, 1998, N.S. realized [B.S.] was missing. N.S. and K.S. searched for

[B.S.] for about fifteen minutes before calling the police. Shortly after calling the police, N.S. and K.S. saw [B.S.] coming out of [Havens's] house. [B.S.] ran to [K.S.] and started crying. Initially, N.S. believed [B.S.] was upset because [B.S.] thought she was in trouble for going inside a stranger's[1] house.

Officer Vernon Doggett arrived just after the [B.S.] was found. [Havens] was outside and Doggett asked him if [B.S.] had been to his house. [Havens] said [B.S.] had just stepped inside for some chocolate. [Havens] claimed his wife was home too, but Doggett never saw her. Nevertheless, at that time, Doggett did not suspect sexual assault, and went back on patrol.

Later that evening, after eating dinner, [B.S] told [K.S.] it hurt when she went potty. K.S. told [B.S.] to take off her pantyhose and shoes. [B.S.] then told K.S. that she had taken off her pantyhose and shoes at the man's house. After speaking to [B.S.], K.S. told N.S. to call the police.

At trial, [B.S.] testified that the "stranger" lived one house down from her house. One day, the stranger invited [B.S.] inside for chocolate. [B.S.] said the stranger was home alone. When she was inside, the stranger told [B.S.] to go into the bedroom, and she obeyed. [B.S.] testified the stranger took her pants and panties off and "licked [her] wee-wee." When the stranger went to the bathroom, [B.S.] put her clothes on and ran out of the house. On cross-examination, [B.S.] testified that she spoke to the prosecutor about her testimony. [B.S.] said the prosecutor told her what to say and helped her remember things.

The trial court admitted a videotaped interview of [B.S.] that was taken the morning after the offense. The videotape show[ed] that [B.S.'s] statement, made before she spoke to the prosecutor, was consistent with her testimony at trial.

*Havens v. State*, No. 5-99-1409-CR, 2000 WL 1481380, at *1 (Tex. App.—Dallas Oct. 9, 2000, pet. ref'd) (not designated for publication).

The Court of Appeals in Dallas, Texas, affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused Havens's petition for discretionary review. *Id.* Havens filed a state application for habeas corpus relief challenging his conviction, which the Court of Criminal Appeals denied without written order. *Ex parte Havens*, No. 54,875-01 (Tex. Crim. App. Mar. 5,

---

[1]Although [Havens] lived two doors down from her for over a year, N.S. said they were not friends and did not socialize.

2003) (not designated for publication). Through counsel, Havens filed his federal petition for writ of habeas corpus in the United States District Court for the Northern District of Texas, Dallas Division, on May 5, 2003.

    **D. Issues:** Havens argues his conviction is unconstitutional because:

    1.    the evidence was legally insufficient;

    2.    the jury charge included a defective reasonable-doubt instruction; and

    3.    trial counsel was constitutionally ineffective.

    **E. Exhaustion:** Dretke argues that the evidence submitted to support Havens's claim that counsel was ineffective for failing to interview a punishment witness "may be unexhausted." (Resp't Answer at 6.) He also asserts that Havens's claim that counsel was ineffective for incorrectly telling Havens that he was eligible for deferred adjudication is unexhausted and, thus, procedurally defaulted. (*Id.* at 8.) However, Dretke believes that Havens's remaining allegations have been properly exhausted. The Court first determines whether petitioner's claims are procedurally barred from federal habeas review.

## II. PROCEDURAL BAR

Federal courts may not review a state court decision that rests on an adequate and independent state procedural default unless the habeas petitioner shows "cause" for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *See id.*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). Furthermore, when a claim has not been reviewed by the state's highest court, this

3

Court may find such claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claims procedurally barred. *Id.*

**A.    Counsel's Failure to Interview a Punishment Witness**

Dretke argues that Haven's claim that counsel was ineffective for failing to interview a punishment witness claim is unexhausted and procedurally barred from this Court's review to the extent it relies on assertions in the witness's affidavit because Havens did not submit the affidavit in the state courts and submits it for the first time with his federal habeas writ. (Resp't Answer at 6.) The affidavit bears an illegible file stamp (Pet'r Mem. in Supp. at Ex. D), but the state habeas record does not include the affidavit.

Federal habeas petitioners must fully exhaust available state remedies before proceeding in federal court. 28 U.S.C. § 2254(b)(1). To satisfy this requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts." *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). A "petitioner fails to exhaust state remedies when he presents material additional evidentiary support to the federal court that was not presented to the state court." *Graham v. Johnson*, 94 F.3d 958, 968 (5th Cir. 1996). However, dismissal for nonexhaustion is not required when evidence presented for the first time in a habeas proceeding supplements, but does not fundamentally alter, the claim presented to the state courts. *Anderson v. Johnson*, 338 F.3d 382, 386-87 (5th Cir. 2003). This is a case and fact specific inquiry. *Id.* at 388-89 n.24. In this case, Havens has diligently and consistently argued that counsel failed to properly interview Davis before

4

he testified. (State Habeas R. at 6, 18; Federal Pet. at 7A; Pet'r Mem. in Supp. at 6-7.) Davis's affidavit does not fundamentally alter Havens's state claim; it merely confirms what he has been asserting all along, i.e., that counsel did not properly prepare Davis for his testimony to Havens's detriment. *Id.* at 388. Thus, Davis's affidavit is a supplement to the record but does not place the claim in a significantly different legal posture so as to render it unexhausted. *Id.*

**B.     Counsel's Erroneous Statement Regarding Eligibility for Deferred Adjudication**

Havens asserts counsel erroneously told Havens he was eligible for deferred adjudication. Although Dretke argues that this claim was not properly exhausted in the state courts, Havens raised it in his state application for habeas corpus relief. (State Habeas R. at 6.) Accordingly, this claim is not barred.

**C.     Sufficiency of the Evidence**

Havens argues that the evidence is legally insufficient to support his conviction because B.S. never identified him as her assailant and because there was no medical evidence that Havens licked B.S. (Federal Pet. at 7 & 7C; Pet'r Mem. in Supp. at 12-13.) On appeal, the intermediate appellate court found that the evidence was legally sufficient to support his conviction. *Havens*, 2000 WL 1481380, at *2.

Havens also raised his insufficiency challenge in his state habeas corpus application. (State Habeas R. at 9.) In its response to Havens's state application, the State asserted that the claim was procedurally barred because it had been raised and rejected on direct appeal. (State Habeas R. at 29.) *Ex parte Ramos*, 977 S.W.2d 616, 617 (Tex. Crim. App. 1998). The state trial court made no express ruling on Havens's application; instead, it was forwarded to the Court of Criminal Appeals with an implied finding that there were no controverted, previously unresolved facts material to the

5

legality of the Havens's confinement. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(c) (Vernon 2005). The Court of Criminal Appeals denied the application without written order.

Although the Court of Criminal Appeals stated no reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the Court of Criminal Appeals recently reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state courts procedurally bars this Court from addressing the merits of Havens's sufficiency claim.[2]

### III. STANDARD OF REVIEW

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or (2) resulted in a decision that was based on an unreasonable determination of the facts in light

---

[2]Even if this claim were not barred, Havens would not be entitled to relief. The crux of his claim is that the fact-finder declined to resolve the fact issues in his favor. This is inadequate to establish that the evidence was legally insufficient. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999), *cert. denied*, 531 U.S. 822 (2000). Further, the conclusion of the state court of appeals that the evidence was sufficient did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d).

of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000), *cert. denied*, 532 U.S. 1039 (2001). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244-46 (5th Cir. 2002) (en banc per curiam), *cert. denied*, 537 U.S. 1104 (2003).

Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. The applicant has the burden of rebutting this presumption of correctness by clear and convincing evidence. *Hill*, 210 F.3d at 485. When the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written order, it is an adjudication on the merits, which is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### IV. JURY CHARGE

Havens asserts that his due process and equal protection rights were violated when the trial court included in the jury charge a reasonable doubt instruction that "was designed to lessen the State's burden of proof by lowering the enormity of the State's task to prove guilt beyond a reasonable doubt in the jury's mind." (Pet'r Mem. in Supp. at 13.) In habeas actions, federal courts do not sit to review mere errors under state law. *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir.), *cert. denied*, 502 U.S. 875 (1991); *see Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (holding

incorrect instruction under state law is not a basis for habeas relief). At its core, Havens's claim only raises a question regarding Texas law. *Yohey v. Collins*, 985 F.2d 222, 229 (5th Cir. 1993); *cf. Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001) (holding passing reference to Constitution does not exhaust constitutional claim). There is no federal constitutional provision that requires or forbids that jurors be given a reasonable doubt instruction. *Victor v. Nebraska*, 511 U.S. 1, 5 (1994). Thus, Havens is not entitled to relief on his state-law claim.

### V. INEFFECTIVE ASSISTANCE OF COUNSEL

Havens asserts that trial counsel rendered constitutionally ineffective assistance by:

1. not interviewing probation officer Jay Davis before he testified at punishment;

2. not telling Havens about a plea offer;

3. telling Havens he was eligible for deferred adjudication;

4. failing to conduct an independent investigation;

5. not preserving error regarding pretrial motions;

6. failing to object to the State's opening jury argument;

7. failing to strike veniremember Gibbs;

8. not objecting to B.S.'s statements, K.S.'s testimony regarding B.S.'s outcry, or the videotape based on hearsay and Confrontation Clause violations;

9. not objecting to "Ms. Schman's" testimony;

10. never introducing the psychologist's report, but threatening Havens with it after sentencing; and

11. telling Havens that the trial judge was a friend and would send Havens to counseling.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. A claim of ineffective assistance of counsel is measured under a two-pronged

8

standard by which a petitioner must show (1) that counsel's performance was deficient in that the errors made were so serious that counsel were not functioning as the counsel guaranteed by the Sixth Amendment and (2) prejudice by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. The court need not address both prongs of the *Strickland* standard if the complainant has made an insufficient showing on one. *Id.* at 697.

In assessing whether a particular counsel's performance was constitutionally deficient, courts indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. *Id.* at 689. In general, scrutiny of an attorney's performance is highly deferential, and reviewing courts will not second-guess strategic decisions; rather, the attorney's performance is evaluated in light of all the circumstances as they existed at the time of the conduct, and is presumed to have been adequate. *Id.* at 689-90. Strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable. *Id.* at 690-91.

Havens's complaints about counsel were rejected during state collateral review proceedings. A claim of ineffective assistance is a mixed question of law and fact. *Id.* at 698. Thus, a federal habeas court cannot grant relief unless the state court's rejection of the claim involved an unreasonable application of the law to the facts. 28 U.S.C. § 2254(d).

First, Havens cannot meet the prejudice requirement of the *Strickland* test. As discussed in the state court of appeals' opinion, the evidence establishes Havens's guilt; thus, he cannot show that the result of the trial would have been different had counsel acted differently. *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002), *cert. denied*, 538 U.S. 1001 (2003); *Creel v. Johnson*, 162 F.3d

9

385, 396 (5th Cir. 1998), *cert. denied*, 526 U.S. 1148 (1999). Second, Havens has failed to carry his burden of proof on his claims. Both the state trial court and the Texas Court of Criminal Appeals implicitly considered and rejected Havens's ineffective assistance claims. An independent review of his claims in conjunction with the state court records does not indicate that the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or that it was based on an unreasonable determination of the facts as presented in the state court proceedings. 28 U.S.C. § 2254(d). Third, Havens's arguments fall short of satisfying the deficient-performance element of *Strickland*, i.e., that counsel's alleged errors were so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment.

**A.     Failure to Interview Punishment Witness**

Havens first argues that counsel did not adequately interview probation officer Jay Davis before they called him as a witness at punishment. Havens contends that Davis's testimony prevented the jury from awarding Havens probation because Davis testified on cross-examination that "90 percent of those found guilty of sexual assault re-offend and that, in his opinion, people found guilty of such [posed] too much of a danger to the community to receive probation." (Pet'r Mem. in Supp. 7.) However, counsel's action in calling Davis was obviously to establish the restrictions to which Havens would be subject if placed on probation. (4 R.R. at 16-21.) This was strictly a matter of trial strategy, which will not be second-guessed. Additionally, the state appellate courts' conclusion that counsel's decision was a matter of trial strategy and was, thus, not deficient was not contrary to federal law and was not an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d)(1); *Havens*, 2000 WL 1481380, at *4.

B.  **Failure to Advise of Plea Offer; Failure to Preserve Error on Pretrial Motions; Erroneously Advice Regarding Eligibility for Deferred Adjudication; Threats with Psychological Report; Promise of Counseling**

Havens asserts counsel failed to tell Havens about a plea offer, failed to preserve error regarding two pretrial motions, erroneously told Havens he was eligible for deferred adjudication, threatened Havens with a psychological report, and promised Havens he would receive counseling because the judge was counsel's friend. (Federal Pet. at 7A-7B; Pet'r Mem. in Supp. at 8-9.) Other than his self-serving assertions, Havens presents no evidence to support his contentions; thus, these are conclusory allegations that cannot support a finding of deficient performance. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

C.  **Failure to Investigate**

Havens contends that counsel failed to conduct an independent investigation. (Federal Pet. at 7A; Pet'r Mem. in Supp. at 8-9.) In order to establish that counsel was ineffective due to a failure to investigate the case, Havens must do more than merely allege a failure to investigate—he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994); *Rose v. Johnson*, 141 F. Supp. 2d 661, 691 (S.D. Tex. 2001). Havens fails to meet his burden of specificity on this claim; thus, he is not entitled to relief. *Ross*, 694 F.2d at 1011-12.

D.  **Failure to Object to Opening Statement**

Havens argues that counsel should have objected to the State's opening jury argument because the State referred to "unsworn testimony of [hearsay] statements made by [Havens] to the

11

police." (Pet'r Mem. in Supp. at 9.) A hearsay objection would have been inappropriate during the State's opening arguments because an opening statement is not evidence. *Lillard v. State* 994 S.W.2d 747, 752 n.7 (Tex. App.—Eastland 1999, pet. ref'd). Counsel is not defective for failing to make meritless objections. *See, e.g., Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997) (holding counsel not deficient for failing to request competency hearing where there was no indication of incompetency), *cert. denied*, 523 U.S. 1099 (1998); *Lauti v. Johnson*, 102 F.3d 166, 170 (5th Cir. 1996) (holding counsel not deficient for failing to object to proper jury instruction), *cert. denied*, 521 U.S. 1126 (1997); *Marshall v. Cabana*, 835 F.2d 1101, 1103 (5th Cir. 1988) (per curiam) (holding counsel not deficient for failing to make meritless argument).

**E.     Failure to Move to Strike Veniremember**

Havens next asserts that counsel should have moved to strike veniremember Gibbs because she stated that she had a niece that had been sexually assaulted. (Federal Pet. at 7B; Pet'r Mem. in Supp. at 9; 2 R.R. at 90.) But Gibbs stated that this fact would not cause her to be biased against Havens. (2 R.R. at 90.) Thus, counsel was not deficient for failing to strike her based on this alleged bias. *Marshall*, 835 F.2d at 1103. Further, the court of appeals found that this decision was a matter of trial strategy. *Havens*, 2000 WL 1481380, at *5. Havens has failed to overcome the presumption of correctness of this finding, and the appellate courts' conclusion is not contrary to federal law and was not an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254 (d), (e)(1).

**F.     Failure to Object to Trial Testimony and Evidence**

Havens asserts counsel should have objected to B.S.'s trial testimony, K.S.'s testimony regarding B.S.'s outcry, and the introduction of a videotape of B.S. as violative of hearsay rules and

12

the Confrontation Clause. (Federal Pet. at 7B; Pet'r Mem. in Supp. at 10.) Even assuming the evidence was improperly admitted hearsay evidence,[3] Havens was allowed to cross-examine B.S. and K.S. (3 R.R. at 43-48, 51, 94-95); thus, there was no Confrontation Clause violation. *E.g., California v. Green*, 399 U.S. 149, 158 (1970). Counsel was not deficient for failing to object to this evidence. *Marshall*, 835 F.2d at 1103.

Havens also argues counsel should have objected to "Ms. Schman's" testimony. (Federal Pet. at 7B.) Not only does the record show that no one named "Schman" testified at Havens's trial, but Havens fails to assert on what basis counsel should have objected. This claim is conclusory and cannot support habeas corpus relief. *Ross*, 694 F.2d at 1011-12.

## VI. SUMMARY

Havens is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination that Havens was not entitled to relief is not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## VII. EVIDENTIARY HEARING

Upon review of the pleadings filed and the proceedings held in state court as reflected in the state-court records, an evidentiary hearing appears unnecessary. RULES GOVERNING SECTION 2254 CASES 8(a).

---

[3]*E.g., Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994) (assuming improper admission of hearsay evidence in Confrontation Clause analysis), *cert. denied*, 513 U.S. 1163 (1995); *Johnson v. Blackburn*, 778 F.2d 1044, 1051 (5th Cir. 1985) (same).

## VIII. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the request for habeas corpus relief brought under 28 U.S.C. § 2254.

SIGNED May 13, 2005.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Under 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objection to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE