IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL GARNER HAVENS, ) | |
| ID # 887004, ) | |
|     Petitioner, ) | |
| v. ) | No. 3:03-CV-0939-N |
| ) | |
| DOUGLAS DRETKE, Director, ) | |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing the objections to the Findings, Conclusions, and Recommendation (FCR) of the United States Magistrate Judge and conducting a *de novo* review of those parts of the Findings and Conclusions to which objections have been made, I am of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court along with the findings and conclusions stated herein.

Both parties have filed objections to the findings. Because many of the objections require no further discussion, the Court summarily overrules the objections not specifically discussed herein. To the extent objections warrant additional discussion, they are overruled for the reasons that follow.

### I. OBJECTION REGARDING PROCEDURAL BAR

Petitioner objects that the Magistrate Judge did not consider the applicability of an exception to the procedural bar doctrine, *i.e.*, that a fundamental miscarriage of justice will occur if such doctrine bars consideration of his claim of insufficiency of the evidence. (Objections at 2-4.) The Magistrate Judge, however, had no reason to address such exception. The exception is "confined

to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). The filings before the Magistrate Judge contain no assertion that petitioner is actually innocent of the crime for which he was convicted. Additionally, although petitioner argues in his objections that applying the procedural bar "would betray the central purpose of our criminal justice system – conviction of the guilty and the freeing of the innocent", he has not shown that, factually, he did not commit the crime for which he was convicted. Petitioner has thus not shown the applicability of the fundamental-miscarriage-of-justice exception to the procedural bar doctrine. In any event, regardless of the applicability of procedural bar, petitioner is entitled to no habeas relief on his insufficiency-of-the-evidence claim.

## II. OBJECTION TO FINDING REGARDING SUFFICIENCY OF THE EVIDENCE

Petitioner also objects to the Magistrate Judge's finding regarding the sufficiency of the evidence. (*See* Objections at 4-5) A review of the record reveals sufficient evidence to support his conviction, however.

When reviewing a claim based on the sufficiency of the evidence, the relevant question "is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Because courts must apply this standard "with explicit reference to the substantive elements of the criminal offense as defined by state law", *id.* at 324 n.16, and because the FCR contained no explicit reference to such elements, the Court elaborates on the requisite elements here.

2

In this instance, the relevant indictment charges as follows:

HAVENS, PAUL GARNER, defendant, on or about the 24TH day of NOVEMBER A.D. 1998 in the County of Dallas and said State, did
> unlawfully then and there knowingly and intentionally cause the sexual organ of [the complainant], a child, who was not then the spouse of the defendant, to contact the mouth of PAUL GARNER HAVENS, and, at the time of the offense, the child was younger than 14 years of age.

TR[1] at 2. Under Texas law, furthermore, a person commits an aggravated sexual assault of a child, if he intentionally or knowingly "causes the sexual organ of a child to contact or penetrate the mouth . . . of another person, including the actor." TEX. PEN. CODE. ANN. § 22.021(a)(1)(B)(iii) (Vernon 1997). The testimony of the child victim alone is sufficient evidence to support a conviction for aggravated sexual assault. *Mallet v. State*, 9 S.W.3d 856, 864 (Tex. App. – Fort Worth 2000, no pet. h.); *Empty v. State*, 972 S.W.2d 194, 196 (Tex. App. – Dallas 1998, pet. ref'd).

In view of these elements of aggravated sexual assault, a reasonable trier of fact could conclude that petitioner sexually assaulted a child. This Court must view the evidence in a light most favorable to the prosecution. It presumes that the trier of fact resolved all conflicting inferences suggested by the evidence in favor of the prosecution and defers to that resolution. It presumes the trier of fact made whatever credibility determinations necessary to support the verdict.

In this instance, although the complainant did not specifically identify petitioner as her assailant, she testified that a "stranger" removed her clothing and "licked [her] wee-wee" after he invited her into his home for chocolate.[2] RR-3 at 28-30, 33-35. She also testified that the stranger

---

[1] "TR" refers to the trial court records in Cause No. F98-41353-IJ.

[2] The complainant testified that the part of a girl's body between her legs is her "wee-wee" and the part of the body between a boy's legs is his "wiener." Reporter's Record, Vol. 3, at 26 [hereinafter RR-3].

was home alone. *Id.* at 32. She testified that there was one house between her home and the stranger's house. *Id.* at 42-43. Other testimony showed that the complainant came out of petitioner's home and that petitioner had informed a police officer that she had been in his house for chocolate. *Id.* at 56-57, 67, 102-04. Testimony also reveals that the victim was five years of age at the time of the offense. *See id.* at 19. The trial testimony provides sufficient evidence to support the conviction. Such testimony supports a finding that petitioner intentionally and knowingly caused his mouth to come into contact with the complainant's sexual organ. That the complainant did not specifically identify petitioner as her assailant does not make the evidence insufficient to support the conviction. That there is an absence of medical evidence to show that petitioner committed aggravated sexual assault likewise does not make the evidence insufficient to support the conviction. Nothing requires that the State present medical evidence to secure such a conviction.

### III.  OBJECTION REGARDING JURY CHARGE

Petitioner also objects to the Magistrate Judge's consideration of his claim that the trial court erred when it included a reasonable doubt instruction in the charge given to the jury. (Objections at 5-6.) The Magistrate Judge found that, at its core, such issue raised a question of state law. (FCR at 8.) The Magistrate Judge also noted that a reasonable doubt instruction is neither required nor forbidden by the United States Constitution. (*Id.*)

Relying on *Paulson v. State*, 28 S.W.3d 570 (Tex. Crim. App. 2000) and *Victor v. Nebraska*, 511 U.S. 1 (1994), petitioner asserts that his jury charge issue rises to the level of constitutional magnitude because *Victor* states that "[t]he Due Process Clause requires the government to prove a criminal defendant's guilt beyond a reasonable doubt, and trial courts must avoid defining reasonable

4

doubt so as to lead the jury to convict on a lesser showing than Due Process requires." (Objections at 5-6 (quoting *Victor*, 511 U.S. at 22).)

Although issues concerning jury instructions indeed raise questions of state law that provide no basis for habeas review, a particular jury instruction can raise Constitutional issues in some instances. An instruction that defines reasonable doubt undoubtedly raises due process concerns. Nevertheless, neither *Paulson* nor *Victor* support finding the jury instruction given in petitioner's trial violative of due process. Even though *Paulson* overruled *Geesa v. State*, 820 S.W.2d 154 (Tex. Crim. App. 1991), precedent that required an instruction on the definition of reasonable doubt, it also recognized that it is not necessarily reversible error to give such instruction. 28 S.W.3d at 573. *Victor*, furthermore, mandates that courts not define reasonable doubt so as to allow the jury to convict on a showing less than reasonable doubt. 511 U.S. at 22.

The Court has examined the jury instruction given in petitioner's trial and concludes that the instruction[3] does not lead the jury to convict on a showing less than reasonable doubt. Such con

---

[3] The instruction reads in pertinent part:
>  All persons are presumed to be innocent, and no person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. The fact that a person has been arrested, confined, or indicted for, or otherwise charged with the offense gives rise to no inference of guilt at his trial. The law does not require a defendant to prove his innocence or produce any evidence at all. The presumption of innocence alone is sufficient to acquit the defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.
> 
>  The prosecution has the burden of proving the defendant guilty, and it must do so by proving each and every element of the offense charged beyond a reasonable doubt; and if it fails to do so, you must acquit the defendant.
> 
>  It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes all "reasonable doubt" concerning the defendant's guilt.
> 
>  A "reasonable doubt" is a doubt based on reason and common sense after a careful and impartial consideration of all the evidence in the case. It is the kind of doubt that would make a reasonable person hesitate to act in the most important of his own affairs.
> 
>  Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

5

clusion is consistent with a recent case from this district that addressed the issue with respect to a substantially similar jury instruction. *See McCoy v. Dretke*, No. 1:02-CV-098-C, 2005 WL 1148694, at *6-7 (N.D. Tex. May 16, 2005). Such conclusion is also consistent with *Paulson*'s rationale for eliminating the mandatory *Geesa* instruction that defines reasonable doubt. As noted in *Paulson*, "[i]f a conscientious juror reads the *Geesa* charge and follows it literally, he or she will never convict anyone." 28 S.W.3d at 572. Thus, not only does the charge given in this case not lower the reasonable doubt standard by which the jury must convict petitioner, it may actually increase the standard above the constitutional requirement of reasonable doubt.

Whether petitioner's jury charge claim finds a basis in state law or the United States Constitution, it provides no basis for habeas relief. On habeas review, federal courts must only determine "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The instruction in this case did not infect the trial such that petitioner's conviction violates due process.

### IV. OBJECTION THAT EVIDENCE OF GUILT IS NO BAR

Petitioner also objects to the Magistrate Judge's general statement that, because the evidence establishes his guilt, he cannot demonstrate that the outcome of his trial would have been different in the absence of the alleged deficiencies of counsel. (Objections at 7.) He asserts that his ineffective assistance claims are not defeated merely by the evidence of guilt at trial. (*Id.*) He argues

---

In the event you have a reasonable doubt as to the defendant's guilt after considering all the evidence before you, and these instructions, you will acquit him and say by your verdict "Not Guilty".
TR at 97-100. This reasonable doubt instruction is not materially different from the instruction formerly required by *Geesa*. *Compare id. with Paulson*, 28 S.W.3d at 573-74 (appendix quoting *Geesa* instruction).

6

that such evidence has no bearing on whether an ineffective assistance claim at sentencing prejudiced him. (*Id.*)

Petitioner appears to take a general statement out of context. Although the statement appears to be limited to alleged deficiencies of counsel at trial rather than sentencing, petitioner attempts to discredit the statement by pointing out that evidence of guilt does not defeat a claim of prejudice for an alleged sentencing deficiency. While the Court does not interpret the general statement of the Magistrate Judge as applying to deficiencies that allegedly occurred during sentencing, in an abundance of caution, it will more specifically set out the standards for determining whether petitioner has established prejudice as required by *Strickland v. Washington*, 466 U.S. 668 (1984).

To establish prejudice under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the context of ineffective assistance of trial counsel, the prejudice component of *Strickland* "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). When evidence adduced at trial overwhelmingly establishes a petitioner's guilt, there is generally no reasonable probability that deficiencies at trial affected the verdict. *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002); *Creel v. Johnson*, 162 F.3d 385, 396 (5th Cir. 1998). Furthermore, when alleged deficiencies of trial counsel occur in a non-capital, state sentencing context "a court must determine whether there is a reasonable probability that but for trial counsel's errors the defendant's non-capital sentence would

7

have been significantly less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993); *see also United States v. Grammas*, 376 F.3d 433, 438 n.4 (5th Cir. 2004) (holding that *Spriggs* survived *Glover v. United States*, 531 U.S. 198 (2001) in the § 2254 context). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96.

Petitioners must "affirmatively prove prejudice." *Id.* at 693. To succeed on a claim of ineffective assistance of counsel, they must present "strong proof of prejudice." *Johnson v. Cockrell*, 301 F.3d 234, 239 (5th Cir. 2002). They cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992).

In view of these standards related to the prejudice prong of *Strickland*, it is clear that overwhelming evidence of guilt can defeat a claim of ineffective assistance of counsel that occurred at trial. As petitioner points out, however, evidence of guilt does not of itself defeat a claim of ineffective assistance that occurred at sentencing. Prejudice in the sentencing context is materially different from prejudice during the guilt-innocence phase of trial. Nevertheless, because the Court does not construe the Magistrate Judge's general statement regarding evidence of guilt related to prejudice as also relating to prejudice from alleged sentencing deficiencies, the Court finds no reason to reject the FCR based upon the instant objection.

### V. OBJECTION REGARDING FAILURE TO INTERVIEW

Petitioner also objects to the Magistrate Judge's consideration of his claim that his attorney rendered ineffective assistance when he failed to adequately interview probation officer Jay Davis before calling the probation officer to testify at sentencing. (Objections at 8-9.) He objects that the Magistrate Judge disposed of the claim without considering its context – specifically that his attorney

8

called the witness to testify "without interviewing him and failed to object to his inadmissible and catastrophic opinion testimony." (*Id.* at 9.) He also submits that it is error to simply consider the actions of counsel to be a matter of trial strategy. (*Id.*)

Petitioner raised several ineffective assistance claims in his federal petition. (*See* Pet. at 7 and attached pages.) He expounded upon them in his memorandum in support. (*See* Mem. Supp. at 6-10.) The first such claim is titled "Failure to Interview Punishment Witness Jay Davis." (*Id.* at 6.) Despite the title, petitioner complains about a failure to interview the witness and a failure to object to inadmissible opinion testimony given by the witness.[4] (*Id.* at 6-7.) To support the failure-to-interview claim, petitioner provides an affidavit from Mr. Davis, wherein the witness avers that defense counsel approached him ten minutes prior to his testimony and asked whether he would testify about issues related to probation. (*See* Aff. of Davis, attached as Ex. D to Pet.) He further avers that defense counsel did not interview him regarding his "opinion or knowledge concerning sex offenders." (*Id.*)

The Magistrate Judge found that the attorney's action of calling Davis to testify was a matter of trial strategy. (FCR at 10.) The Magistrate Judge also relied upon the state appellate decision which found no ineffective assistance based upon the failure to adequately interview Davis before calling him as a witness. (*Id.*) The Magistrate Judge thus found no deficiency of counsel related to interviewing Davis and calling him to testify.

---

[4] The Magistrate Judge focused on the failure to interview claim, as did the State in its answer. (FCR at 10; Answer at 6-8.) Petitioner did not raise his failure to object claim on direct appeal, *see Havens v. State*, No. 5-99-1409-CR, 2000 WL 1481380, at *4-5 (Tex. App.– Dallas Oct. 9, 2000, pet. ref'd), or in his state writ, *see* S.H. Tr. at 6-9. Although the failure to raise the claim to the state courts could render the claim procedurally barred, the respondent did not assert such a bar to that claim.

To determine whether counsel's performance is constitutionally deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).

With respect to the failure to interview claim, petitioner has not overcome the strong presumption that the actions of counsel lie within the range of reasonable assistance. As was the case in state court, it is uncertain how long defense counsel interviewed Davis prior to his testimony. From the affidavit of the witness, it appears that any interview lasted no more than ten minutes. (*See* Aff. of Davis (indicating that he spoke with defense counsel ten minutes prior to his testimony but not indicating how long he spoke with defense counsel).) It is uncertain whether the brevity of such interview was due to exigent circumstances, a reasoned decision of counsel that no further investigation was necessary, or deficient representation. Nevertheless, when an attorney merely wants a witness to provide testimony regarding conditions of probation that could be imposed by the trial court should the jury determine that probation is an appropriate sentence, a brief discussion with the witness may be all that is necessary. That the attorney may not have anticipated less-favorable testimony elicited on cross-examination does not necessarily render the performance of counsel deficient.[5]

---

[5] On direct examination, Davis testified about various conditions of probation that were available to the court should petitioner be sentenced to a term of probation. *See* Reporter's Record, Vol. 4, at 15-21 [hereinafter RR-4].

On cross-examination, Davis testified that he believed that "sex offenders" could never be rehabilitated. *Id.* at 23. He further testified that thirty to forty percent of sex offenders on probation are later charged with a new sex offense, and ninety percent "reoffend" by "engaging in deviate sexual activity." *Id.* He also testified that, in general, sex offenders "pose too much of a danger to the community" to be released on probation. *Id.* at 25.

On re-direct examination, Davis indicated that whether a particular offender should receive probation or a sentence of imprisonment should be determined "on a case-by-case basis." *Id.* at 25-26. He testified that he had not reviewed petitioner's case and surmised that petitioner "could be one of those persons who could make it on probation." *Id.* at 26. He also testified that some sex offenders successfully complete probation. *Id.* at 27.

10

Furthermore, calling Davis to testify was clearly a matter of trial strategy. In an effort to obtain a sentence of probation, counsel called Davis to testify at sentencing so as to inform the jury about various conditions of probation that the court could place on petitioner should the jury find such a sentence warranted. Petitioner has not overcome the presumption that such conduct falls within the range of reasonable assistance.

In addition, the failure to object could also be a matter of trial strategy. An objection to the opinion testimony could emphasize such testimony to the jury. Defense counsel used re-direct examination to focus the jury's attention on the testimony regarding the facts of this case instead of the generalities of which petitioner complains. Petitioner has presented nothing to overcome the presumption that such conduct falls within the range of reasonable assistance.

Petitioner has not only failed to overcome the presumption that counsel's actions were not deficient, he has not shown that the actions of counsel prejudiced him. Although he argues that "a reasonable probability exists that probation officer Davis's testimony was relied upon by the jury in denying probation" because the prosecutor emphasized the testimony in closing argument, (Mem. Supp. at 7), such argument does not carry petitioner's burden to show prejudice. First, the imposition of a ninety-nine year sentence provides ample evidence that the jury was not considering probation as an appropriate sentence. Furthermore, both the defense and the prosecutor emphasized portions of the probation officer's testimony that were favorable to their positions. *See* RR-4 at 47, 56. The testimony was thus favorable to petitioner in part.

To show prejudice, petitioner must show a reasonable probability that the testimony of Davis made his sentence significantly more harsh. He has not made such a showing. He has not shown a reasonable probability that, in the absence of the alleged deficiencies of counsel, *i.e.*, failing to

11

adequately interview Davis, calling him to testify, and not objecting to his opinion testimony, his sentence would have been significantly less harsh. The facts of this case – a sexual assault of a five-year-old by a neighbor – are sufficient to justify the harsh sentence imposed upon petitioner. In view of the nature of the offense, the Court finds no reasonable probability that the testimony from Davis made the sentence significantly more harsh.

For all of these reasons, the Magistrate Judge correctly found no ineffective assistance of counsel related to the interviewing and calling of Davis. In addition, the Court specifically finds no ineffective assistance of counsel related to a failure to object to opinion testimony given by Davis.

## VI. ADDITIONAL OBJECTIONS RELATED TO ASSISTANCE OF COUNSEL

Petitioner objects to the Magistrate Judge's finding that certain claims of ineffective assistance of counsel are conclusory and unsupported. (Objections at 9-10.) He also objects to the finding that defense counsel did not render ineffective assistance by failing to strike a venire member who had a niece that had been sexually assaulted. (*Id.* at 11.)

Petitioner has not shown prejudice from the alleged deficiencies of counsel. The only alleged deficiency of counsel where prejudice might lie – the failure to advise petitioner of a plea offer – is totally conclusory and unsupported except by an affidavit from petitioner. Petitioner asserts that he should not be "penalized for adducing his best evidence that an offer was not communicated - his sworn word." (Objections at 10.) Such assertion, however, ignores reality. In his affidavit in support of his petition he avers:

> [My attorney] called me with a plea offer of 25 years and said the offer will only go up as the trial approached. No offer of probation was mentioned. Nancy (the Complainant's mother) told Sheryl (my wife) after the trial that the prosecutor made an offer of probation to [my attorney] but he never told me about it.

12

His averment thus reveals three individuals who could have provided an affidavit related to the alleged uncommunicated offer of probation: (1) his former attorney; (2) the complainant's mother; and (3) his wife. If such an offer was made, the prosecutor could also provide an affidavit to that effect. This is not a case where petitioner was the only individual who possessed knowledge about the claimed deficiency of counsel. In the absence of an affidavit from a third party, the Court finds no deficiency of counsel with respect to the alleged failure to advise petitioner of the plea offer for probation. Petitioner provides insufficient support for such allegation. He provides nothing to indicate that the complainant's mother indeed was privy to a plea offer by the State or that she told his wife of such offer, relying instead on triple hearsay in his affidavit. He provides no reason for not securing an affidavit from any of the four individuals who would have pertinent knowledge about the alleged uncommunicated plea offer. Petitioner's objections provide no basis for rejecting the FCR.

### VII. OBJECTING TO COMPARTMENTALIZED VIEW OF THE RECORD

Petitioner also objects that the Magistrate Judge "unduly compartmentalized" his claims of ineffective assistance of counsel and thus improperly applied the standards set out in *Strickland v. Washington*, 466 U.S. 668 (1984). (Objections at 7.) He asserts that the Magistrate Judge examined the claimed deficiencies of counsel in isolation rather than in the context of the attorney's representation as a whole. (*Id.* at 8.) He argues that such approach "allows the finder of fact to determine that each individual claim is without prejudicial effect because other evidence tends to show the petitioner's guilt." (*Id.*)

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on

13

as having produced a just result." *Strickland*, 466 U.S. at 686. When determining the reasonableness of an attorney's performance, the courts examine "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. In addition, as already mentioned, to show prejudice under *Strickland* petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Nevertheless, the courts may properly consider claims of ineffective assistance of counsel individually. *See Morrow v. Dretke*, No. 03-41130, 2004 WL 1114440, at *9 n.14 (5th Cir. May 11, 2004), *cert. denied*, ___ U.S. ___, 125 S. Ct. 359 (2004).

Although the effectiveness of counsel is determined by consideration of the totality of circumstances and the entire record, such consideration does not preclude courts from individually examining alleged deficiencies of counsel to determine whether counsel rendered constitutionally effective representation. To some extent, the nature of written opinions necessitates the "compartmentalized" approach taken by the Magistrate Judge. When a court is confronted with a number of claims of ineffective assistance of counsel, a simple and efficient approach is to address the claims individually while remaining ever cognizant of the totality of the circumstances and the cumulative effect that alleged deficiencies may have on the outcome of the proceeding. In this instance, it appears that the Magistrate Judge properly balanced the need for organization within the written findings and recommendation with an ever-present consideration of the totality of the circumstances.

After conducting a *de novo* review of those parts of the FCR to which objections have been made, the Court finds no error in the "compartmentalized" format utilized by the Magistrate Judge for considering petitioner's various claims of ineffective assistance of counsel. The FCR reveals indi-

14

vidual consideration of such claims without losing sight of the totality of the circumstances related to the representation given to petitioner. Nevertheless, to the extent some clarification is warranted, the Court specifically finds that petitioner's claims of ineffective assistance entitle him to no habeas relief – whether considered in isolation or in the aggregate.

## VIII.  CONCLUSION

As stated herein, the Court overrules the objections to the Findings and Conclusions of the Magistrate Judge, finds such Findings and Conclusions correct, and accepts them as the Findings and Conclusions of the Court along with the findings and conclusions stated herein.

**SIGNED September 26, 2005.**

_____
**David C. Godbey
United States District Judge**

15